ACCEPTED
12-15-00244-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
12/23/2015 11:28:20 PM
Pam Estes
CLERK

**Dee**

| | |
|---|---|
| **From:** | NoReply@MyFax.com |
| **Sent:** | Thursday, February 26, 2015 6:30 PM |
| **To:** | Dee |
| **Subject:** | Successful transmission to 19035813701. Re: McCain V. Lott; Discovery Responses |

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

12/23/2015 11:28:20 PM

PAM ESTES
Clerk

Dear Amy,

**Re: McCain V. Lott; Discovery Responses**

The 39 page fax you sent through MyFax.com to 19035813701 was successfully transmitted at 2015-02-27 00:29:39 (GMT).

The length of transmission was 1991 seconds

The receiving machine's fax ID:

If you need assistance, please visit our online help center at http://www.myfax.com/support/. Thank you for using the MyFax service.

Best Regards,
myFax.com

---

**Contact Customer Support**

**Hours:** 24 hours per day, 7 days a week.
**Email:** support@myfax.com

**North America**
Toll-Free: (866) 563-9212

**UK**
Free Phone: 0808 804 0015
International: (613) 260-6325

---

**Reference ID:**



© 2015. All rights reserved. MyFax is a registered trademark of j2 Cloud Services, Inc. and its affiliates.
Your use of the MyFax service is subject to the terms of the MyFax Customer Agreement.

 **McCain V. Lott; Discovery Responses**

 Outgoing E-mail
3 Attachments

To: vmetcalf@tyler.net, 19035813701@myfax.com
From: dee@amydlong.com
Sent: Thu Feb, 26 2015 5:54 pm
Case Link: McCain v. Lott

Mr. Metcalf,

Attached you will find: 1) Defendant's Response to Request for Admissions, 2) Defendant's Answers to First Set of Interrogatories, and 3) Defendant's Answers to Request for Production. I will have the Response to Request for Disclosure to you tomorrow. I apologize overlooking it since it was within the body of your petition rather than attached like the rest of the discovery requests.

I had called and left a message with your office when you were out of state in trial. It has come to our attention Judge Skeen is related within the third degree of affinity to the Plaintiff. Please give me a call to discuss the best way to handle that matter.

I would like to take your client's oral deposition in the very near future. Please let me know some dates on which Mrs. McCain and you will be available.

Thank you,


Amy D. Long

Attorney & Counselor at Law

100 E. Ferguson, Suite 610

First Place - Regions Bank Bldg.

Tyler, Texas 75702

903-592-1641 telephone

903-592-8043 facsimile


This E-mail contains legally privileged and/or confidential information. Any use, dissemination, distribution or reproduction of this message or its attachments, if any, by anyone except the intended recipient(s) is strictly prohibited. If you received this communication in error, please notify the sender immediately by telephone or reply e-mail and delete this message from your system.

| Filename | |
|---|---|
| McCainVLottDA21stInrogs.pdf | Case: McCain v. Lott |
| McCainVLottDR2R4A.pdf | Case: McCain v. Lott |
| McCainVLottDR2R4P.pdf | Case: McCain v. Lott |

| | |
|---|---|
| CHALEY MCCAIN | IN THE DISTRICT COURT |
| VS. | |
| | 241ST JUDICIAL DISTRICT |
| LARRY S. LOTT D/B/A | |
| LARRY LOTT INTERIORS | SMITH COUNTY, TEXAS |

## DEFENDANT'S ANSWERS TO FIRST SET OF INTERROGATORIES

TO:    Chaley McCain, by and through her attorney of record, Vance L. Metcalf, Kent, Anderson, Bush, Frost & Metcalf, P.C., 1121 ESE Loop 323, Suite 200, Tyler Texas 75701

Pursuant to the Texas Rules of Civil Procedure, Defendant provides the following Answers to First Set of Interrogatories.

**INTERROGATORY NO. 1:**
If you deny Request for Admission No. 1, state the factual and legal basis for said denial.

ANSWER:    Defendant denies Request for Admission No. 1 because the Plaintiff and Defendant never entered into a valid enforceable agreement. There is no written contract between Plaintiff and Defendant. There was never an offer acceptance in strict compliance with the terms of the offer or a "meeting of the minds" as to material provisions of any agreement between Plaintiff and Defendant. There was no agreement where both parties consented to terms and there was no consideration for any agreement, or if there was consideration, it failed in whole or part. Three was never any execution or delivery of any contract with the intent that it was mutual and binding upon Plaintiff and Defendant.

Alternatively, and if there was some sort of agreement, which Defendant denies, then all conditions precedent have not occurred. Plaintiff failed to give notice of claim as required. Further any agreement or contract alleged by Plaintiff is illegal and/or void against public policy and enforcement would be unconscionable. Any alleged agreement between Plaintiff and Defendant was the product of duress, or mistake of fact. If there was an agreement, it was discharged by accord and satisfaction and/or was modified. If there was an agreement Defendant alleges Plaintiff failed to mitigate damages and failed to perform the agreement. Defendant is entitled to offsets.

**INTERROGATORY NO. 2:**
For each payment made to you by Ms. Kay Bracken during 2013 and 2014, state the date the payment was received and the amount of the payment.

DEFENDANT'S ANSWERS TO FIRST SET OF INTERROGATORIES        1

ANSWER: Defendant objects to Interrogatory Number 2 for the reason such information is a protected trade secret under Texas Rule of Evidence 507. See Affidavit of Larry Lott attached as Exhibit "A". Further, the Defendant objects to the extent the burden or expense of the proposed discovery outweighs it's likely benefit, taking into account the needs of the case, amount in controversy, the parties' resources, the importance of the issues at state in the litigation, and the importance of the proposed discovery in resolving the issues. TRCP 192.4(b). Further the interrogatory subjects Petitioner and his client to an invasion of personal, constitutional or property rights. TRCP 192.6(b). The interrogatory seeks discovery of information that is not relevant to the subject matter of the lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence. TRCP 192.3(a). Objection is made to this interrogatory to the extent the discovery is obtainable from some other source that is more convenient, less burdensome, or less expensive. TRCP 192.4(a).

INTERROGATORY NO. 3:
For each payment made by you to Plaintiff Chaley McCain during 2013 and 2014, state the date the payment was made and the amount of the payment.

ANSWER: Defendant objects to Interrogatory Number 3 because the discovery has already been provided to Plaintiff and is therefore unreasonably cumulative or duplicative and is obtainable from some other sources that is more convenient, less burdensome or less expensive. TRCP 192.4(a). Interrogatory Number 3 subjects Defendant to undue burden, unnecessary expense, harassment or annoyance. TRCP 192.6(b).

INTERROGATORY NO. 4:
State the terms and conditions of any written or oral agreement you had with the Plaintiff, Chaley McCain, related to work you performed by you for Ms. Kay Bracken.

ANSWER: None. There was never a written agreement or any "meeting of the minds" as to terms and conditions related to any oral agreement related to any work performed by Defendant for Ms. Kay Bracken.

INTERROGATORY NO. 5:
State the dollar amount of money you contend is owed, if any, by you to Ms. Chaley McCain at the present time and the method used to calculate said amount.

ANSWER: $0.00. There is no method used to calculate any amount owed because there was no contract between Plaintiff and Defendant written or otherwise.

**INTERROGATORY NO. 6:**
If you contend that you do not currently owe any money to Chaley McCain, state the legal and factual basis for your contention.

ANSWER: No contract exists written or otherwise for Defendant to owe Plaintiff anything.

Respectfully submitted,

Amy D. Long
Attorney at Law
100 East Ferguson, Suite 610
Tyler, Texas 75702
903-592-1641 office
903-592-8043 facsimile
amy@amydlong.com
State Bar No. 24036984

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been placed in the United States mail, postage prepaid, to

Vance L. Metcalf
Kent, Anderson, Bush, Frost & Metcalf, P.C.
1121 ESE Loop 323, Suite 200
Tyler Texas 75701

on this _____ day of February 2015.

Amy D. Long

DEFENDANT'S ANSWERS TO FIRST SET OF INTERROGATORIES     3

# VERIFICATION

STATE OF TEXAS §
§
COUNTY OF SMITH §

BEFORE ME, the undersigned authority, on this day personally appeared LARRY S. LOTT, who, after being duly sworn on his oath deposed and stated that his name is LARRY S. LOTT and he is Defendant in the above entitled and numbered cause, that he has read the above and foregoing and that the statements contained therein are within his personal knowledge and are true and correct.

Further Affiant sayeth not.

_____
LARRY S. LOTT

SUBSCRIBED AND SWORN TO BEFORE ME by LARRY S. LOTT on the 26th day of February 2015 to certify which witness my hand and official seal.

_____
Notary Public, in and for
The State of Texas

KIM SNOWDEN
My Commission Expires
August 26, 2018

Cause No. 15-0053-C

CHALEY MCCAIN                                    IN THE DISTRICT COURT

VS.
                                                 241ST JUDICIAL DISTRICT
LARRY S. LOTT D/B/A
LARRY LOTT INTERIORS                             SMITH COUNTY, TEXAS

## DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSIONS

TO:    Chaley McCain, by and through her attorney of record, Vance L. Metcalf, Kent, Anderson, Bush, Frost & Metcalf, P.C., 1121 ESE Loop 323, Suite 200, Tyler Texas 75701

       Pursuant to the Texas Rules of Civil Procedure, Defendant provides the following Responses to Request for Admissions:

REQUEST FOR ADMISSION NO. 1:
Admit that you entered into a valid and enforceable agreement with Plaintiff Chaley McCain whereby you agreed to pay her 10% of all amounts you billed Ms. Kay Bracken for the furnishing and renovation of Ms. Bracken's properties.

RESPONSE: Deny.

REQUEST FOR ADMISSION NO. 2:
Admit that you billed Ms. Bracken a total of $6,200,000.00 for the furnishing and renovation of her properties.

RESPONSE: Deny.

REQUEST FOR ADMISSION NO. 3:
Admit that you owed Plaintiff Chaley McCain a total of $620,000.00 under the agreement referenced in Request for Admission No. 1.

RESPONSE: Deny.

REQUEST FOR ADMISSION NO. 4:
Admit that you did not fully comply with your obligations to Ms. McCain under the agreement referenced in Request for Admission No. 1

RESPONSE: Deny.

## DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSIONS                    1

REQUEST FOR ADMISSION NO. 5:
Admit that, as a result of your breach, you owe Ms. McCain $294,748.95 and that said amount is due and owing at this time.

RESPONSE: Deny.

REQUEST FOR ADMISSION NO. 6:
Admit that the Plaintiff Chaley McCain, referred Kay Bracken to you.

RESPONSE: Admit.

Respectfully submitted,

Amy D. Long
Attorney at Law
100 East Ferguson, Suite 610
Tyler, Texas 75702
903-592-1641 office
903-592-8043 facsimile
amy@amydlong.com
State Bar No. 24036984

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been placed in the United States mail, postage prepaid, to

Vance L. Metcalf
Kent, Anderson, Bush, Frost & Metcalf, P.C.
1121 ESE Loop 323, Suite 200
Tyler Texas 75701

on this _____ day of February 2015.

Amy D. Long

**DEFENDANT'S RESPONSE TO REQUEST FOR ADMISSIONS**     2

Cause No. 15-0053-C

CHALEY MCCAIN                                    IN THE DISTRICT COURT

VS.

                                                241ST JUDICIAL DISTRICT
LARRY S. LOTT D/B/A
LARRY LOTT INTERIORS                            SMITH COUNTY, TEXAS


## DEFENDANT'S ANSWERS TO REQUEST FOR PRODUCTION

TO:    Chaley McCain, by and through her attorney of record, Vance L. Metcalf, Kent,
       Anderson, Bush, Frost & Metcalf, P.C., 1121 ESE Loop 323, Suite 200, Tyler
       Texas 75701

       Pursuant to the Texas Rules of Civil Procedure, Defendant provides the following
Answers to Request for Production.

**REQUEST FOR PRODUCTION NO. 1:**
Produce all invoices, billing statements, receipts and other documents reflecting amounts
you billed and/or collected from Ms. Kay Bracken related to furnishing or renovation
work you performed at her properties.

ANSWER:    Defendant objects to the production of such documents, and documents
           have been withheld pursuant to Trade Secret Privilege. TRE 507.

**REQUEST FOR PRODUCTION NO. 2:**
Produce all written agreements between you and Kay Bracken.

ANSWER:    Defendant objects to the production of such documents, and documents
           have been withheld pursuant to Trade Secret Privilege. TRE 507.


**REQUEST FOR PRODUCTION NO. 3:**
Produce all checks and other documents evidencing payments you made to Ms. Chaley
McCain during 2013 and 2014.

ANSWER:    Defendant objects to production of these documents because they are
           duplicative of other requests, already in Plaintiff's possession, and
           therefore subjects Defendant to undue burden and expense and is
           propounded for the purpose of harassment. The information and
           documents have previously been provided to Plaintiff and the information
           therefore is easily obtainable from another source and in a less expensive
           and harassing manner.


DEFENDANT'S ANSWERS TO REQUEST FOR PRODUCTION                                    1

**REQUEST FOR PRODUCTION NO. 4:**
Produce all emails, text messages, letters and other correspondence between you and Chaley McCain related to this lawsuit.

ANSWER:    Objection is made to the extent the Request for Production Number 4 requires production of "all" emails, text messages, letters and other correspondence between Defendant and Plaintiff related to this lawsuit because as a matter of course some text messages may have rolled off Defendant's telephone. Further, Defendant has changed telephones, and some of the text messages which would be responsive may not be available to Defendant. Subject to such objection, Defendant produces the attached 25 pages which are screen shots of the text messages Defendant has been able to access from his former cell phone. Defendant is not aware of any emails, letters or other correspondence between Plaintiff and Defendant, but will timely supplement if any other responsive documents become available to Defendant.

Respectfully submitted,

Amy D. Long
Attorney at Law
100 East Ferguson, Suite 610
Tyler, Texas 75702
903-592-1641 office
903-592-8043 facsimile
amy@amydlong.com
State Bar No. 24036984

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been placed in the United States mail, postage prepaid, to

Vance L. Metcalf
Kent, Anderson, Bush, Frost & Metcalf, P.C.
1121 ESE Loop 323, Suite 200
Tyler Texas 75701

on this _____ day of February 2015.

Amy D. Long

<u>**DEFENDANT'S ANSWERS TO REQUEST FOR PRODUCTION**</u>    2

## Affidavit of Larry Lott in Support of Discovery Objections

**STATE OF TEXAS** §
§
**COUNTY OF SMITH** §

Defendant, Larry Lott, appeared before me today and stated under oath:

"My name is Larry Lott. I am above the age of eighteen years, and I am fully competent to make this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

I am the owner and operator of Larry Lott Interiors, a home furnishings and design service business located in Tyler, Texas since 2009. I have been in the home interiors and design business in Tyler over ten years. Before opening my own store, I had been in the home interior and design business in Texas since 1997.

I have built my client list and vendor list over many years and with great care and at great expense. My business is largely about personal relationships with my vendors and my clients. I am in the homes of my customers and very involved in designing and customizing their most personal spaces in their homes and inner sanctum. My clients expect certain measures of their privacy will be protected by me and by my vendors and contractors working in my clients' homes. This privacy (including their financial information) is a very integral part of my services to my clients and is kept in the strictest of confidences.

Chaley McCain, a realtor and an acquaintance of mine, has sued me and my business on a breach of contract theory. There is no written contract of any type between

Mrs. McCain and myself and there never has been a written contract of any type between Plaintiff and me or my business.

In discovery as a part of her suit, Chaley McCain is requesting I produce protected client and vendor trade secret information. Specifically, Mrs. McCain is requesting the following documents which constitute protected trade secret information:

> 1. *all invoices, billing statements, receipts and other documents reflecting amounts you billed and/or collected from Ms. Kay Bracken related to furnishing or renovation work you performed at her properties.*
>
> 2. *all written agreements between you and Kay Bracken*

The documents requested above contain trade secrets and private client information. The vendor information I have developed at great expense and over a number of years. That information includes but is not limited to the name, identity, location and pricing of my vendors, materials sources, contractors, subcontractors, along with my personal pricing strategies and design strategies.

Chaley McCain has not shown by any evidence (other than her bare assertion) there was ever any contract between Plaintiff, Chaley McCain and myself or my business. Chaley McCain has not shown that the information she is requesting is material or necessary for a fair adjudication of her claim.

Furthermore, not disclosing my trade secrets will not tend to conceal fraud or otherwise work an injustice. The information contained in the documents requested by Chaley McCain are my protected trade secrets in the home interior design business and

have been developed by me over many years. The information contained in the documents Plaintiff requests is not known to others outside of my business and is known only by key employees of mine which were involved on the Bracken project or involved in my book-keeping operations. I have spent years of time, effort and money developing my specialized vendor list and special pricing agreements with vendors and contractors. The information I have which are my trade secrets would take others years of time, toil and money to duplicate or acquire. I have taken great pains to protect my information and documentation related to my clients and my vendors because disclosure of such information would undermine my clients' trust in me and reveal personal and financial information about my clients and my vendors. Disclosure of such information to my competitors would give them an unfair advantage and be extremely valuable to my competitors.

I have taken great measures to guard the valuable trade secret information which Plaintiff has requested including having employees and contractors used by my design business to sign non-disclosure agreements, the locking of the information in a client file and in vendor files, and segregating the information from the eyes of non-key employees, competitors and the public. I have special security systems installed in my building to safeguard my business and trade secrets. The information requested by Plaintiff is very valuable to my business and if revealed to my competitors would be very valuable to them and enable them an unfair competitive advantage.

The information requested by Plaintiff does not in any way relate to any contract or agreement Plaintiff alleges may have existed between Plaintiff and me or my business, Larry Lott Interiors.

_Larry Lott_

Larry Lott

SIGNED under oath before me on _____2- 26th_____, 2015.

KIM SNOWDEN
My Commission Expires
August 26, 2018

Notary Public, State of Texas

**Affidavit of Larry Lott in Support of Discovery Objections** 4

**with us**

Fri, Aug 15, 9:21 AM

**807 pinedale place. 75701**

Mon, Aug 25, 1:18 PM

**Want to pick up my rug on wednesday. Came by but you were closed**

Sure

Delivered

  

DR2P1R4P                              1

I'm just so hurt and sad over all this. Just saying. I tried and you wouldn't meet with us

**Fri, Aug 15, 9:21 AM**

807 pinedale place. 75701

**Mon, Aug 25, 1:18 PM**

Want to pick up my rug on wednesday.

iMessage

with Kay and told her how you were refusing to pay money you owed me. Evidently much more than I thought. We might want to visit

Thu, Aug 14, 9:19 PM

**Send me your mailing address**

Thu, Aug 14, 11:07 PM

 iMessage

DR2P1R4P

we can keep
them at home.
That's where my
money goes. I'm
not some evil
greedy person!!

Wed, Aug 13, 2:31 PM

You need to let
me know when
and if you want
to meet.

Thu, Aug 14, 6:25 PM

Just has meeting

📷    iMessage                    🎤

and work out a solution because we don't want this to get ugly. I do consider you a friend and I was totally shocked when you went off on me. We had a deal. I'm not living high on the hog over here. I still work everyday. It cost a fortune to keep full time help with Jim's parents so

iMessage

DR2P1R4P

the money owed to me. Period. That's all

I am trying to be really nice about this. Last year as of dec 1 Kay had spent 3.2 million. You paid me 268,000. That is about a sixty thousand dollar difference. But all I care about is this year. That's why I want to sit

iMessage

DR2P1R4P

what you owe
me. We can meet
today or as early
as possible.

> I'm not in the real
> estate business
> and I'm not
> willing to meet ,
> put anything in
> writing you wish
> to discuss , and
> we are friends!

I am writing
this...we want to
meet to discuss

 iMessage

me for clients. We don't want a terrible court battle. We just want to sit down with you and your financial planner and discuss the situation as soon as possible.

Put anything in writing you want to discuss

I put in a text I want to discuss

 iMessage

buyer was referred to us say from a real estate person in Lubbock. Because they picked up the phone and called us with the referral they will make 25 percent if what we make. So 75000 for picking up a phone. Swanns has always paid me for clients

iMessage

busy. His parents are both very I'll. we spend a lot of time taking care of them. All we want to discuss is the amount if money you owe me. We are not out to get you and I thought we were friends. In the real estate business if we sell a 5 million dollar piece of property and the

iMessage

like to meet with you this week. Probably when you close would be best. Just let me know a time

Sun, Aug 10, 10:22 PM

Put anything in writing you want to discuss and seen it to me

Mon, Aug 11, 11:27 AM

Jim and I are very

📷   iMessage      🎤

DR2P1R4P

> me when I bought that house !! Thank you Chaley !!!!

**????**

**She must be mad today**

> Omg

> She is doNe with doc

Sun, Aug 10, 8:54 PM

**Jim and I would**



DR2P1R4P                                                                  12

unreal. Kay is sooo excited!!

Wed, May 28, 9:48 AM

Soo sorry about your dog. Just said a prayer that everything will be okay

Thanks

Sun, Jul 6, 12:29 PM

The devil must have possessed

iMessage

400,000 from a while back but that would be more of it. You just work on it please and let me know. If it's too hard I can get printout from her accountant.

Sure will do

Mon, May 12, 9:47 PM

**The house is**

  🎙

happening.

Tue, May 6, 5:30 PM

I know about 60 was when first bookeeper was there. Toni kept saying she would go back and check it but she never did. Taxes were not included in my checks. I checked it. Then I don't know if she has paid the

iMessage

Hey Larry. I called Stephanie about my checks. She said I had one for 5000.00. As per Kay's accountant we are over 4 million which makes about 100,000 I haven't gotten yet. Stephanie seems like she is having a hard timd figuring it out. Just let me know what's

📷  iMessage                    🎤



📷  iMessage                    🎤

No SIM                10:55 AM              7 ✳ 37%

‹ Messages          **Chaley**          Details

**Love that bar!!!**

Wed, Apr 30, 6:33 PM



iMessage

Some how she thinks the government is going to watch her through the house

I'll leave the chandelier in the dining room! Sconces that match, pillars, Italian planters, maybe that will help the sale of the house ! I'm also like to have

iMessage

God he's a nut job!!!

I emailed you about it



**Smart House** (1999)
TV Movie - 82 min - Comedy...

A teenager wins a fully automated dream house in a competition, but soon the computer controlling it begins to take over.

6.1    Rate    Critic Reviews

Share or check-in

iMessage

underground tunnels , shelters , heliport pads , rockets to the moon , I never say no!

Well I'll even do a house on the moon for her!

True!!

I really worried about that ozone stuff he's doing to her!

 iMessage

Just heard back. She said the stress is killing her??? Stress of what??? Then she said she wanted a solar house and I told her shit never worked in them. Probably made her mad

Great

We can always add solar ,

iMessage

I'm worried about that ozone stuff she is doing , it says it can kill you on the internet

I think it's doing something to her mind !!!



 iMessage

Right

Always optional

Thu, Apr 24, 7:03 PM



Larry basically I am a simple person and this has brought me down more than anything and is taking my health with it !! I'm really sorry, I can't continue on-

📷  iMessage  🎤

the blackout shade that Bobby is painting ! So sorry I just can't do this any longer-

You have got to see her the minute you get home!!

Maybe tell her the house can become dumb. I'm freaking



📷   iMessage          🎤